**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**STATE OF NEW YORK,**

                **Plaintiff,**                1:08-CV-1244
                                                           (GLS/RFT)

        **v.**

**JOHN REDMAN,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of the Delaware County District Attorney<br>One Courthouse Square<br>Suite # 5<br>Delhi, NY 13753 | JOHN HUBBARD, ESQ. |
| **FOR DEFENDANT:** | |
| JOHN REDMAN<br>*Pro Se*<br>1 Poultney Road<br>Oak Hill, NY 12460 | |

**Gary L. Sharpe
U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

Defendant John Redman ("Redman") is charged in the Town of Roxbury Justice Court, Delaware County, with numerous traffic violations and the misdemeanor offense of obstructing governmental administration in the second degree. Redman seeks to remove the action to this court pursuant to 28 U.S.C. § 1446. For the reasons set forth below, the court has *sua sponte* determined that removal is inappropriate and orders the action remanded.

## II. Discussion

A defendant seeking to remove an action from state court must file a notice of removal with the federal court to which removal is sought. *See* 28 U.S.C. § 1446(a). Where the action to be removed is a criminal prosecution, the notice of removal "shall include all grounds for such removal." 28 U.S.C. § 1446(c)(2).

In the present instance, Redman has not indicated the statutory grounds for removal of his criminal prosecution, beyond his general invocation of section 1446. However, it is apparent that 28 U.S.C. § 1443(1) is the only possible basis for removal here.[1] That section provides

---

[1] 28 U.S.C. §§ 1441 through 1444 also provide statutory authority for removal, but are clearly inapplicable here. Section 1441 applies only to civil actions; sections 1442, 1442(a) and 1443(2) generally apply only to criminal prosecutions of federal entities or military personnel; and section 1444 applies only to foreclosure actions against the United States. *See*

2

for the removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  The Supreme Court has interpreted section 1443(1) to allow removal only where a defendant's prosecution under a state statute would have the effect of denying racial equality rights granted specifically by federal law.  *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966).  *See also Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002); *New York v. Bell*, 617 F. Supp. 47, 49 (E.D.N.Y. 1985).

In light of the narrow circumstances under which removal is appropriate pursuant to section 1443(1) it is clear that remand is required here.  Redman does not allege his state prosecution implicates any federal statute specifically providing racial equality rights.  Indeed, race is not even mentioned in the notice of removal.  Rather, to the extent Redman's submissions are coherent, he alleges only that various officials violated his

---

*Brody v. N.Y. State Div. of Parole*, No. 89-CV-0987, 1989 WL 87003, at *1 (E.D.N.Y. July 25, 1989).

3

constitutional rights through actions leading to his criminal prosecution.[2]

The Supreme Court has made it clear, however, that

> [i]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state ... officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). "Rather, removal of a criminal case is appropriate only where 'defendant is charged with exactly that conduct which a federal law [providing for racial equality] explicitly makes legal.'" *Negron*, 2002 WL 1268001, at *1 (quoting *New York v. Foster*, No. 86 Civ. 7126, 1987 WL 5356, at *2 (S.D.N.Y. Jan. 7, 1987)). Clearly, charges for motor vehicle infractions and obstructing governmental administration do not meet this standard.

Accordingly, as there is no statutory authority for the removal of Redman's criminal prosecution, his case is remanded to the Town of

---

[2] For example, Redman alleges that his rights to due process and equal protection have been violated because the district attorney "has not proved jurisdiction" in state court; that his Fourth Amendment rights were violated by the police because he was stopped and arrested without probable cause; and that his right to travel has been violated through the requirement that he possess a driver's license and registration to operate his car. Redman also accuses the State of, *inter alia*, extortion, fraud and, for good measure, violations of the Magna Carta.

4

Roxbury Justice Court pursuant to 28 U.S.C. § 1446(c)(4).[3]

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the petition for removal is **DISMISSED**; and it is further

**ORDERED** that this matter be **REMANDED** to the state court in which the proceeding was commenced; and it is further

**ORDERED** that the Clerk of the Court serve a certified copy of this Order to the state court; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Dated: December 22, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[3]Section 1446(c)(4) states: "The United States district court in which [the notice of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."